THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RODNEY LABORDE, | : |
| Plaintiff, | : |
| v. | : 3:14-CV-02117 |
| | : (JUDGE MARIANI) |
| MOUNT AIRY CASINO, | : |
| Defendant. | : |

**MEMORANDUM OPINION**

I. **Introduction**

Presently before the Court is a Motion to Remand this removed action to the Monroe County Court of Common Pleas (Doc. 7). For the reasons that follow, the Court will grant the Motion.

II. **Procedural History**

The procedural history as recounted here is undisputed. (*Compare* Pl.'s Br. in Supp. of Mot. to Remand, Doc. 7, at 1-2 *with* Def.'s Br. in Opp. to Mot. to Remand, Doc. 8, at 1-3; *cf. also* Monroe County Court of Common Pleas Docket, Doc 8-1, at 1-2.)

Plaintiff commenced this action in the Monroe County Court of Common Pleas on August 13, 2014 by filing a Praecipe for Writ of Summons in Civil Action. (*See, e.g.,* Notice of Removal, Doc. 1, at ¶ 1.) Defendant filed and served a Praecipe and Rule to File Complaint on August 25, 2014, which was granted. (*See, e.g., id.* at ¶ 2-3.) The docket shows that no further action occurred until October 1, 2014, at which time Defendant filed a

Praecipe for Judgment of Non Pros against Plaintiff for failure to file a Complaint. (*See, e.g., id.* at ¶ 4; Doc. 8-1 at 1.) Judgment Non Pros was entered in favor of the Defendant and against the Plaintiff that same day. (*See, e.g.,* Doc. 1 at ¶ 5.) Plaintiff then filed a Complaint on October 6, 2014 and a Petition for Relief from a Judgment of Non Pros, along with a proposed attached Complaint, on October 14, 2014. (*See, e.g., id.* at ¶ 6; Doc. 8-1 at 1.) On October 17, 2014, the Court of Common Pleas issued a Rule to Show Cause Why the Petition for Relief from a Judgment of Non Pros Should Not Be Granted. (*See, e.g.,* Doc. 1 at ¶ 7.)

Before any further action could be taken on this matter, Defendant filed a Notice of Removal to this federal district court. (*See, e.g.,* Doc. 8 at 2.) Defendant then purported to file a response to the Rule to Show Cause Why the Petition for Relief from a Judgment Non Pros Should Not Be Granted in the federal action. (*See generally* Def.'s Resp., Doc. 6.)

Now, Plaintiff has filed a Motion to Remand. (*See* Mot. to Remand, Doc. 7.) Plaintiff argues that, because a Judgment of Non Pros had been entered, there was no Complaint in existence that Defendant could properly remove to federal court. (*See* Doc. 7 at 5-6.) According to Plaintiff, the case must be remanded to state court to for proceedings on its Petition for Relief. (*Id.* at 6.) Only if Plaintiff is allowed to proceed on his Complaint in state court could Defendant theoretically remove the matter to federal court. (*See id.*)

2

### III. Analysis

28 U.S.C. § 1441 permits the removal of certain civil actions originally filed in state court from the state to federal court. The removal procedure is set forth in section 1446, which provides in relevant part as follows:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). A "party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). "Removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) (internal alterations and quotation marks omitted)).

The Third Circuit, interpreting the United States Supreme Court case *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999), has held that the phrase "initial pleading" in section 1446(b) means "the complaint" and that "a writ of summons can no longer be the 'initial pleading' that triggers the 30-day period for removal under the first paragraph of 28 U.S.C. § 1446(b)." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 223 (3d Cir. 2005). This holding was justified in part by "the legislative history of Section 1446(b) in which Congress stated its intent to eliminate the

3

situation wherein a defendant who has not received the complaint must decide whether to remove 'before he knows what the suit is about.'" *Id.* at 222 (quoting *Murphy Bros.*, 526 U.S. at 352, 119 S. Ct. at 1327). But, "[t]he model form for a general writ of summons under Pennsylvania law merely contains the plaintiff's name, the defendant's name, and notice that an action has been commenced, with the county, the date, the name of the prothonotary or clerk, and the deputy." *Id.* at 223. Accordingly, "[t]his is insufficient to notify the defendant 'what the action is about.'" *Id.*

The Middle District of Pennsylvania recently addressed similar issues to those presented here in the case *Spanier v. Freeh*, 4:14-CV-1316 (M.D. Pa. Nov. 26, 2014) (Mannion, J.). There, Plaintiff Graham Spanier instituted a civil suit in the Centre County Court of Common Pleas against Defendant Louis Freeh. The civil suit related to an ongoing investigation by the Freeh into Spanier's alleged criminal activities as President of Pennsylvania State University during a time when certain instances of child sex abuse occurred at that University. *See Spanier v. Freeh*, 2014 WL 6687323, at *1 (M.D. Pa. Nov. 26, 2014). Spanier filed a writ of summons that indicated "slander/libel/defamation" as the cause of action for the civil suit. *Id.* The defendants thereafter ruled plaintiff to file a Complaint. *Id.* "Instead of doing so, plaintiff moved to stay the proceedings in the civil case until his underlying criminal case is resolved." *Id.* This request was granted. *Id.* Believing that the stay "put their right to remove the case to federal court in jeopardy" insofar as it might extend beyond the permissible period for removal set forth in 28 U.S.C. § 1446,

Defendant removed the case to federal court. *Id.* at *2. Plaintiff filed a motion to remand. *Id.* The Court granted that motion, holding:

> Here, there is no dispute that no complaint has been filed in this case. Without such a complaint, the removal is premature. "[P]arties are forbidden from filing notice of removal prematurely, prior to the time when grounds for removal are apparent." *Stephens v. State Farm Fire & Cas. Co.*, 2014 WL 1784686, at* 2 (M.D. Pa. 2014). A writ of summons under Pennsylvania law "merely contains the plaintiff's name, the defendant's name, and notice that an action has been commenced, with the county, the date, the name of the prothonotary or clerk, and the deputy." *Sikirica*, 416 F.3d at 222. Such information is not sufficient to give a defendant notice "what the action is about." *Id.* at 223. The writ of summons in this case is just such a bare-bones document as described in *Sikirica*. The court appreciates that complete diversity may exist in this case and that federal jurisdiction may possibly be proper. However, in addition to diversity the court must determine that the amount in controversy exceed $75,000.00. No such information can be gleaned from the summons. Because "the complaint is the operative document for removal," and there is none in this case, *see In re Avandia Marketing, Sales Practices and Products Liability Litig.*, 941 F.Supp.2d 568, 571 (E.D. Pa. 2013), the motion to remand must be GRANTED as a proper determination of removal is premature.

*Id.* at *3. The Court reiterated that "because the removal is premature, whether the case will be removable at a later date is not something that the court can determine now. There is no document from which the court can determine the removability of this action . . . ." *Id.* at *4.

We find that the same analysis applies here. As in *Spanier*, there is simply no Complaint from which the Court can judge the permissibility of removal. While Plaintiff did submit a Complaint *after* Judgment Non Pros was entered and submitted a Petition for Relief from the Judgment, along with an attached Complaint, (*see* Doc. 8-1 at 1), this is not

5

controlling for present purposes, because in the absence of the Common Pleas Court Order vacating its Judgment, the existence of the Complaint is purely hypothetical or academic. Only if the Judgment Non Pros is lifted can this "proposed" Complaint become the operative Complaint, thus triggering Defendant's right of removal.

Defendant's arguments to the contrary are unpersuasive. First, Defendant relies on the cases *Willis v. City of Philadelphia*, 2004 U.S. Dist. LEXIS 2483 (E.D. Pa. Feb. 13, 2004) and *Pozgai v. J. Vinch & Sons, Inc.*, 1993 U.S. Dist. LEXIS 5143 (E.D. Pa. Apr. 14, 1993), for the proposition that removal became proper upon receipt of the proposed Complaint attached to the Petition for Relief from Judgment Non Pros. (*See* Doc. 8 at 4-6.) In relevant part, both cases appeared to accept the proposition that a petition for relief from judgment non pros and/or a writ of summons can constitute an "initial pleading" for removal purposes. *See Willis*, 2004 U.S. Dist. LEXIS 2483, at *5; *Pozgai*, 1993 U.S. Dist. LEXIS 5143, at *3. But to the extent that these holdings were correct applications of the law at the times that they were made, they are nonetheless superseded by the Third Circuit's later holding in *Sikirica* that the phrase "initial pleading" means "complaint" in the first two paragraphs of 28 U.S.C. § 1446(b).[1] *See Skikirica*, 416 F.3d at 223. Because, under this definition, no initial pleading was filed, then removal is premature.

Second, Defendants argue that Plaintiff should be estopped from seeking remand. (*See* Doc. 8 at 7.) Plaintiff's counsel submitted a letter to Defendant's counsel on October

---

[1] Indeed, *Willis* based part of its decision on *Foster v. Mutual Fire, Marine & Inland Ins. Co.*, 986 F.2d 48 (3d Cir. 1992). *See Willis*, 2004 U.S. Dist. LEXIS 2483, at *5. But *Sikirica* held that "*Murphy Bros* implicitly overruled *Foster*" on this very issue.

6

29, 2014 after the Petition for Relief from Judgment was filed. (*See* Donald Russo Letter, Doc. 8-2, at 1.) Counsel stated in the letter that, if the Defendant did not act quickly to remove the case, the time period for removal would lapse and Plaintiff would have to move to remand any removed action based on a failure to timely remove. (*Id.*) Defendant then heeded this advice, and now Plaintiff's counsel has moved to remand anyway.

This reversal of position, whatever its merits, cannot form a basis to retain federal jurisdiction. The federal courts are courts of limited jurisdiction as defined by law. Counsel's misrepresentations—whether inadvertent or otherwise—cannot alter the constitutional landscape in which this Court operates. Therefore, the fact that Plaintiff's counsel misstated the law to Defendant's counsel has no bearing on the matter before us. Remand is still required.

IV. <u>**Conclusion**</u>

For the foregoing reasons, Plaintiff's Motion to Remand (doc. 7) is **GRANTED**. A separate Order follows.

Robert D. Mariani
United States District Judge